# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE TENGBE, | Civil No. 3:17-cv-1551 |
| Petitioner | (Judge Mariani) |
| v. | |
| COMMONWEALTH OF PA, WARDEN DAUPHIN COUNTY JAIL, | |
| Respondents | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Tyrone Tengbe ("Tengbe"), an inmate incarcerated at the Dauphin County Prison, Harrisburg, Pennsylvania. (Doc. 1). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R. 4, and, for the reasons set forth below, the petition will be dismissed without prejudice.

## I. Background

Tengbe was arrested on July 14, 2017, by the Steelton Police Department, in Dauphin County, Pennsylvania. (Doc. 1, p. 1). He was arraigned on July 24, 2017. (*Id.*). Tengbe asserts that a preliminary hearing has not yet been held. (Doc. 1, p. 2).

In the habeas petition, Tengbe contends that the trial court erred by not arraigning him until ten days after his initial arrest, and by not scheduling a preliminary hearing within fourteen days of his initial arrest. (Doc. 1). For relief, Tengbe requests that the Court grant

the habeas petition and dismiss all criminal charges pending in state court.

## II. Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III. Discussion

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing

state criminal proceeding." *Yi Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* Absent extraordinary circumstances,[1] *Younger* abstention will apply when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

All three criteria of *Younger* abstention are met here. First, Tengbe's claims concern an ongoing criminal case pending in the Commonwealth of Pennsylvania. Second, based upon the fact that he is seeking to dismiss the criminal charges based on the trial court's purported errors in not timely arraigning him and not timely scheduling a preliminary hearing, this proceeding clearly implicates important state interests. Third, the state court

---

[1] Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Township of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)). Here, Tengbe has failed to show that he falls within any of the narrow exceptions to the *Younger* doctrine.

proceedings provide Tengbe an adequate opportunity to raise his issues in the state forum.

This Court may assume that the state procedures will afford an adequate remedy. See *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans*, 959 F.2d at 1234. Tengbe is in the midst of proceedings on his criminal charges in state court. His requested relief, dismissal of the state criminal charges, would clearly interfere with those proceedings. Furthermore, Tengbe has the opportunity to raise his constitutional claims in any state direct appeal and/or post-conviction relief petition he may elect to file. It is clear that Tengbe's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention and the instant habeas action does not raise the type of extraordinary circumstances contemplated under *Younger*. Consequently, under the present circumstances, it is appropriate to abstain from entertaining the petition and the petition will be dismissed without prejudice.

## IV.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

A separate Order shall issue.

Dated: October ____, 2017

Robert D. Mariani
United States District Judge